

FILED
2015 AUG -3 P 4: 42
US DISTRICT COURT
HARTFORD CT

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

*1000 Lafayette Boulevard, 10th Floor*
*Bridgeport, Connecticut 06604*

*(203) 696-3000*
*Fax (203) 579-5550*

August 3, 2015

David Keenan, Esq.
Assistant Federal Public Defender
Federal Public Defender's Office
265 Church Street, Suite 702
New Haven, CT 06510

**Re:** **United States v. Alexander Bergen**
**Criminal No.** 3:15 CR 140 (VLB)

Dear Attorney Keenan:

This letter confirms the plea agreement between your client, Alexander Bergen (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government" or "this Office") concerning the referenced criminal matter.

**THE PLEA AND OFFENSE**

Alexander Bergen agrees to waive his right to be indicted and to plead guilty to a one-count Information charging him with interstate transportation of money obtained by fraud in violation of Title 18 U.S.C. § 2314. He understands that, to be guilty of this offense, the following essential elements of the offense must be satisfied:

First, that the money was stolen, converted, or taken by fraud;

Second, that the defendant transported, transmitted or transferred (or caused to be transported or transmitted) the money in interstate commerce;

Third, that at the time of the transportation or transmission, the defendant knew the money was stolen, converted or taken by fraud; and

Fourth, that the money was valued at $5,000.00 or more.

**THE PENALTIES**

This offense carries a maximum penalty of ten years imprisonment and a $250,000 fine. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than three years, to begin at the expiration of any term of imprisonment imposed. The defendant understands that should he violate any condition of the supervised release during its term, he may be required to serve a further term of imprisonment equal to the period of supervised release with no credit for the time already spent on supervised release, except that such further period of imprisonment cannot exceed two years. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than three years to begin at the expiration of any term of imprisonment.

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

The defendant is also subject to restitution, as discussed below. Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572 (h), (i) and § 3612(g).

Restitution

In addition to the other penalties provided by law, the Court must also order that the defendant make restitution under 18 U.S.C. § 3663A, and the Government reserves its right to seek restitution on behalf of all victims consistent with the provisions of § 3663A. Defendant understands and agrees that an order of restitution will be imposed in the full amount of all losses suffered by all victims who provided investment funds to the defendant and/or his business, CT Wholesale, from in or about 2013 to in or about 2014. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

The defendant understands and agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

**THE SENTENCING GUIDELINES**

Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to §3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant expressly understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under Sentencing Guideline § 1B1.3, and (2) truthfully disclosing to the Probation Office personal information requested, including the submission of a complete and truthful financial statement detailing the defendant's financial condition.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline § 3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline § 3C1.1); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his plea of guilty or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into a stipulation, which is attached to and made a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

Guideline Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range. The defendant's base offense level under U.S.S.G. §2B1.1(a)(2) is 6. That level is increased by 12 levels under U.S.S.G. § 2B1.1(b)(1)(G) for the amount of the loss. Two levels are subtracted under U.S.S.G. § 3E1.1(a) for acceptance of responsibility, as noted above and if the total offense level is 16 or greater, three levels are subtracted for acceptance of responsibility. Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. The Government reserves the right to recalculate the Criminal History if the defendant's representation is inaccurate. The parties agree that the conduct for which the defendant has been charged in state court (Case No. D03D-CR14-0149508-S) is relevant conduct for this case and should not be considered in the criminal history calculation.

The Government reserves its right to argue for a two level enhancement at sentencing pursuant to U.S.S.G. § 2B1.1(b)(2) because the offense involved 10 or more victims, and the defendant reserves his right to argue against such an enhancement because the offense involved fewer than 10 victims. The parties agree that the number of victims for purposes of §2B1.1(b)(2) will be determined by the court at sentencing by a preponderance of the evidence. The parties further agree that the defendant's total offense level without the two level enhancement under U.S.S.G. § 2B1.1(b)(2) is 15. A total offense level of 15, assuming a Criminal History Category I, would result in a Guidelines range of 18 to 24 months imprisonment (sentencing table) and a fine range of $4,000 to $40,000. U.S.S.G. § 5E1.2(c)(3). The parties agree that should the enhancement for more than ten victims apply, the defendant's total offense level including the enhancement under U.S.S.G. § 2B1.1(b)(2) is 17. A total offense level of 17, assuming a Criminal History Category I, would result in a Guidelines range of 24 to 30 months of imprisonment (sentencing table) and a fine range of $5,000 to $50,000, U.S.S.G. § 5E1.2 (c)(3). Under either calculation, the defendant is subject to a supervised release term of at least one year but not more than three years. 18 U.S.C. § 3559(a)(4); U.S.S.G. § 5D1.2.

The defendant reserves the right to request a downward departure from the applicable Guideline Sentencing range on any basis. The defendant also reserves the right to seek a non-Guidelines sentence and reserves the right to challenge and oppose any sentencing motion

filed by the Government. The parties expressly reserve the right to respond to, challenge and oppose any sentencing motion filed by the other party and to seek whatever sentence each party deems appropriate.

The defendant expressly understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to withdraw the plea of guilty if the Court imposes a sentence outside any of the ranges set forth in this agreement.

Defendant also reserves his right to seek admission into Support Court, and if admitted, to request that his sentencing be adjourned until he has completed Support Court. The defendant further understands that he will not be permitted to withdraw the plea of guilty if his application for admission into Support Court is denied.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties expressly reserve their rights to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

Waiver of Right to Appeal or Collaterally Attack Conviction and Sentence

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction and sentence. The defendant agrees not to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. Nor will he pursue such an appeal or collateral attack to challenge the sentence imposed by the Court if that sentence does not exceed 12 months of imprisonment, a term of supervised release, a fine and an order of restitution even if the Court imposes such a sentence based on an analysis different from that specified above. Similarly, the Government will not appeal a sentence imposed of 12 months of imprisonment or more. The Government and the defendant agree not to appeal or collaterally attack the Court's imposition of a sentence of imprisonment concurrently or consecutively, in whole or in part, with any other sentence. The defendant acknowledges that he is knowingly and intelligently waiving these rights. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver.

Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

**WAIVER OF RIGHTS**

Waiver of Right to Indictment

The defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offense set forth in the information before an indictment could be returned. The defendant acknowledges that he is knowingly and intelligently waiving his right to be indicted.

Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

**ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA**

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any

kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

**SCOPE OF THE AGREEMENT**

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

**COLLATERAL CONSEQUENCES**

The defendant further understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

**SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH**

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of (1) his execution of a fraud scheme to obtain, and thereafter misapply, funds he received from persons who were told by defendant that their funds would be used by defendant to obtain products for defendant's business; and (2) his decision to use funds he obtained from investors to pay for his personal expenses by causing some of these funds to be transferred in interstate commerce to pay for his credit card bills from in or about 2012 to in or about 2014 which forms the basis of the Information in this case.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his plea of guilty.

**NO OTHER PROMISES**

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

RICHARD J. SCHECHTER
SENIOR LITIGATION COUNSEL

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

ALEXANDER BERGEN
The Defendant

08-3-15
Date

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

DAVID KEENAN, ESQ.
Attorney for the Defendant

08-3-15
Date

STIPULATION OF OFFENSE AND RELATED CONDUCT

The defendant Alexander Bergen and the Government stipulate to the following offense conduct that gives rise to the defendant's agreement to plead guilty to the Information.

Alexander Bergen operated CT Wholesale. CT Wholesale attempted to fill customers' orders for products such as electronic equipment by buying the product for a cheaper price and then reselling those products to the customer at a higher price. Beginning in or about 2013, Bergen began to accept investment funds from individuals (hereafter "victims') who wanted to make a return on their investment. Bergen represented to the victims that he would use their investment funds solely to purchase products for resale to his customers and that the victims would receive their principal investment back with a profit in a specified period of time. In some cases, Bergen entered into written investment agreements with victims in which Bergen expressly represented that the investment funds provided by the victim would be used solely to purchase products.

From in or about 2013 to in or about 2014, Bergen received more than $300,000 from victims to purchase products. Despite representing to the victims that all of their funds would be used solely to purchase products for resale by CT Wholesale, Bergen did not use these funds solely to purchase products. During 2013, Bergen knowingly used approximately $150,000 of the victims' money to pay for his personal credit card bills which included personal expenses for fine dining, travel, and to shop at high-end retail stores. When Bergen used the victims' funds to pay for his personal expenses, he knowingly converted and misapplied the victims' funds without the victims' knowledge. Bergen caused funds that he had fraudulently converted from investors to be transmitted in interstate commerce to pay his personal credit card bills.

Although he received more than $300,000 from his victims, Bergen returned less than $40,000 of the funds to his victims. Collectively, the victims' lost approximately $286,000 of the investment funds they provided to Bergen.

The written stipulation above is incorporated into the preceding plea agreement. The defendant and the Government reserve their right to present additional relevant offense conduct to the attention of the Court in connection with sentencing.

ALEXANDER BERGEN
The Defendant

RICHARD J. SCHECHTER
SENIOR LITIGATION COUNSEL

DAVID KEENAN, ESQ.
Attorney for the Defendant

RIDER CONCERNING RESTITUTION

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A. The order of restitution may include:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense, the order of restitution shall require the defendant to:

A. Return the property to the owner of the property or someone designated by the owner; or

B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

The greater of -
(I) the value of the property on the date of the damage, loss, or destruction; or

(II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In the case of an offense resulting in bodily injury to a victim –

A. pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

B. pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

C. reimburse the victim for income lost by such victim as a result of such offense;

3. In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the court-ordered restitution, the court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. See 18 U.S.C. §§ 3614; 3613A. The Court may also order that the defendant give notice to any victim(s) of his offense under 18 U.S.C. § 3555.